IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAFAEL WARNER-DENIS,

Defendant.

CRIMINAL NO.  11-381 (FAB)

## REPORT AND RECOMMENDATION

Defendant Rafael Warner-Denis was charged in Counts One, Two and Three of an Indictment and he agreed to plead guilty to all Counts of the Indictment.  Count One charges that on or about August 25, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant herein, aiding and abetting by others both known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Section 841(a)(1), 846, 952, 960, and 963, in the amount of two hundred and ninety eight thousand and forty dollars ($298,040.00) in U.S. Currency, with the intent to promote the carrying on of a specified unlawful activity; to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity; and to avoid a transaction reporting requirement under State or Federal law; and while conducting and attempting to conduct such financial

United States of America v. Rafael Warner-Denis
Criminal No. 11-381 (FAB)
Report and Recommendation
Page 2

transaction, the defendant knew that the property involved in the conduct such financial transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I) and B(i)(ii), and 2.

Count Two charges that, on or about September 2, 2010, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant, aided and abetted by others both known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1), 846, 952, 960, and 963, in the amount of ninety nine thousand nine hundred and eighty dollars ($99,980.00) in U.S. Currency, with the intent to promote the carrying on of a specified unlawful activity; to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity; and to avoid a transaction reporting requirement under State or Federal law; and while conducting and attempting to conduct such financial transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I) and B(i)(ii), and 2.

Count Three charges that, on or about November 10, 2010, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court, the defendant herein, aided and

United States of America v. Rafael Warner-Denis
Criminal No. 11-381 (FAB)
Report and Recommendation
Page 3

abetted by others both known and unknown to the Grand Jury, did knowingly attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the delivery of proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 18, United States Code, Section 1961, punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1), 846, 952, 960, and 963, in the amount of one hundred thousand dollars ($100,000.00) in the U.S. Currency, with the intent to promote the carrying on of a specified unlawful activity; to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity; and to avoid a transaction reporting requirement under State of Federal law; and while conducting and attempting to conduct such financial transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.  All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(I) and B(i)(ii), and 2.

On December 22, 2011, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One, Two and Three of the Indictment, upon being advised of his right to have said proceedings

United States of America v. Rafael Warner-Denis
Criminal No. 11-381 (FAB)
Report and Recommendation
Page 4

before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Counts One, Two and Three, he was examined and verified as being correct that: he had consulted with his counsel, Joseph C. Laws, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  he was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him  and be able to cross-examine them, through

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Rafael Warner-Denis
Criminal No. 11-381 (FAB)
Report and Recommendation
Page 5

counsel at said trial, as well as present evidence on his behalf.  he was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Laws, indicated he freely and voluntarily waived those rights and understood the consequences.  During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.  The penalty for the offense charged in Counts One, Two and Three is term of imprisonment of not more than twenty (20) years, and a fine not to exceed Five hundred thousand dollars ($500,000.00) or twice the value of the property involved in the transaction, whichever is greater, and a term of supervised release of not more than three (3) years in addition to any term of incarceration, pursuant to Title 18, United States Code, Section 1956.

United States of America v. Rafael Warner-Denis
Criminal No. 11-381 (FAB)
Report and Recommendation
Page 6

Pursuant to paragraph number four, defendant shall pay a special assessment of one hundred dollars ($100.00) per count of conviction, pursuant to Title 18, United States Code, Section 3013(a), for a total of three hundred dollars ($300.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One, Two and Three, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on page five, paragraph seven of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Regarding Counts One, Two and Three of the Indictment, the Base Offense Level is of Eight (8) pursuant to USSG § 2S1.1(a)(2). Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), an increase of fourteen (14) levels is agreed for more

---

[2]Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Rafael Warner-Denis
Criminal No. 11-381 (FAB)
Report and Recommendation
Page 7

than $400,000.00. Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), an increase of two (2) levels is agreed for defendant was convicted of 18 U.S.C. § 1956. Pursuant to U.S.S.G. § 3E1.1(b), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-One (21), yielding an imprisonment range of thirty-seven (37) to forty-six (46) months if the Criminal History Category is I.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

The parties agree to recommend to the Court that the defendant be sentenced to a term of imprisonment at the lower end of the applicable guideline range.

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

Paragraph Ten (10) of the Agreement has a Forfeiture Allegation which reads as follows:

a. Upon request from the United States, the defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five (5) years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawfu7l means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of more than

$1000 that, within the last five (5) years, the defendant owned, or in which the defendant maintained an interest, th e ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

b.  The defendant agrees to forfeit all interests in any asset that the defendant currently owns, has previously owned or over which the defendant currently, or has in the past, exercised control, directly or indirectly, and any property the defendant has transferred, as well as any property that is traceable to, derived from fungible with, or a substitute for property that constitutes the proceeds of his offense, including a sum of money equal to $498,020.00, representing the amount of proceeds and money involved in the offense charged in Counts One, Two and Three of the Indictment.

c.  Defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.  The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he/she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

d.  The defendant further agrees to waive al constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any

United States of America v. Rafael Warner-Denis
Criminal No. 11-381 (FAB)
Report and Recommendation
Page 9

forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes and excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

Defendant acknowledged being aware of the Forfeiture Allegation and discussing the same with his counsel.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant was advised that the entering of the plea of guilty could have an adverse effect upon his immigration status in the United States and, as such, he could be subject to removal or deportation proceedings. Defendant indicated being aware of this and discussing the same with this counsel.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously

United States of America v. Rafael Warner-Denis
Criminal No. 11-381 (FAB)
Report and Recommendation
Page 10

discussed between the two.  Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law.  Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eighteen (18) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel

and understanding its consequences.  Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content.  Defendant was shown a written document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.  Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One, Two and Three, was what he had done and to which he was pleading guilty during these proceedings.  Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One, Two and Three of the  Indictment in Criminal No. 11-381 (FAB).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One, Two and Three of the  Indictment in Criminal No. 11-381 (FAB).

United States of America v. Rafael Warner-Denis
Criminal No. 11-381 (FAB)
Report and Recommendation
Page 12

**IT IS SO RECOMMENDED.**

The sentencing hearing will be set promptly, before Honorable Francisco A. Besosa,

District Court Judge.

San Juan, Puerto Rico, this 22nd day of December of 2011.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE